IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10111
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR DURAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-112-6-A
- - - - - - - - - -
October 21, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Salvador Duran appeals from his sentence following conviction for distribution of cocaine and aiding and abetting. Duran argues that the district court erred in attributing to him two kilograms of cocaine which he had agreed to deliver to an undercover officer. Factual findings regarding relevant conduct are reviewed for clear error. See United States v. Bryant, 991 F.2d 171, 177 (5th Cir. 1993). Quantities of drugs not specified in the count of conviction may also be included as relevant conduct, if they were part of the same course of conduct or part

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a common scheme or plan as the count of conviction.  See id.
Duran was convicted of distributing approximately four kilograms
of cocaine and was arrested immediately after agreeing to deliver
an additional two kilograms of cocaine to an undercover officer.
As the agreement regarding the two kilograms of cocaine was
clearly part of the same course of conduct as the delivery of the
four kilograms of cocaine, the district court did not clearly err
by attributing the two kilograms of cocaine to Duran.

Duran also contends that the district court abused its
discretion by failing to grant him a downward departure pursuant
to U.S.S.G. § 5K2.0, p.s.  Departures from the sentencing
guidelines pursuant to § 5K2.0 are discretionary, and a court's
decision not to depart downward from the applicable sentencing
range is not reviewable unless the court believed it lacked
authority to depart or the failure to depart violated the law.
See United States v. Burleson, 22 F.3d 93, 94-95 (5th Cir.
1994); United States v. Adams, 996 F.2d 75, 78 (5th Cir. 1993).
Based on the record, it is clear that the district court denied
the downward departure as unwarranted and that this denial did
not violate the law.

Accordingly, the district court's judgment is AFFIRMED.